Per Curiam.
Application was made in the court below to supersede an execution in favor of the plaintiff against the defendants on the ground of payments made to the sheriff The defendants set up payments to the amount of §5500, but ,the plaintiff only admits the sum of § 2000. An issue was made up and a jury impaneled to try the question of payment, which resulted in a finding, that at different times the defendant, Wilson, had paid to the sheriff the sum of § 5500.
The points presented are mere questions of law, which were raised on the trial of the issue, and are brought to our notice by a bill of exceptions taken to a refusal of the court to charge the jury as, requested'by the plaintiff’s counsel. The evidence is set out in the bill of exceptions, but it is important only for the purpose of showing the propriety of the charges asked.
The court was asked to charge the jury, first, that if they believed the execution on which the payments purport to have been made, was returnable the second Monday of October, 1839, and the payments were in fact made after that time to the sheriff, they must find for the plaintiff in the execution; and second, that an execution in the hands of the sheriff, after the return-day thereof, will not authorize the sheriff to recover money on the same, and any receipts given by him as sheriff after the return-day, are not entitled to be credited on the execution.
*284 The charges involve merely the single question as to the power of the sheriff, after the return-day of an execution has passed. The payments which are claimed as credits, were made in depreciated bank paper, at the dates following, to wit; $500 on the 9th of January, 1840; $2000 on the 21st of January, 1840; and $1000 on the 25th of the same month. The execution was returnable the second Monday-of October, 1839, and seems to have been then returned with this indorsement, to wit; Not acted on by order of plaintiff's attorney. It is also admitted that no alias writ of fi. fa. issued until the 10th of August, 1840; so that it is entirely evident that the sheriff received the money without any process in his hands. His right to do so is a question which surely cannot admit of a doubt. The sheriff is the officer of the law, whose duty it is to enforce the profcess of the court. Without process he has no authority. The execution is his legal warrant, without which he can do nothing. And this warrant has a fixed duration; it is to be returned at the next term of the court; with the return term its Validity ceases, and a new process emanates. The sheriff’s authority also ceases at the return term, and he must wait until new process comes to his hands. He cannot seize property because he had once authority to do so, nor can he receive money because he had once held an authority,for doing so. This point was expressly so decided in the case of'the Planters Bank v. Scott, 5 How. 246. It is true the books inform us that a sheriff may sell property even after he is out of office, but this he is authorized to do in virtue of a legal seizure made under process, by which a right vested in him.
But it is insisted in argument that the sheriff received these payments as agent, or by the. authority of a duly authorized agent. If this be true, it does not change the law in relation to his power as sheriff. Such a fact might have- given rise to other appropriate charges which would have made the payments valid and binding on the plaintiff in the execution, but the defendant’s counsel asked none such. His agency however, and also his authority under an authorized agent were, to say the least, left doubtful. His receipts were given in his official capacity, *285 and the case presented by the record is such as to have authorized the plaintiff in execution to treat all his acts as official. The charges asked were undoubtedly the law, and the cáse before the court made them pertinent, and the court therefore erred in refusing them. The judgment must be reversed, and the cause remanded.